UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 20-446-DLB

JOSHUA RYAN JOHNSON                                                               PETITIONER

v.                                      **MEMORANDUM ORDER**

LISA FARMER, DIRECTOR                                                           RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Joshua Johnson initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time, Johnson was confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Johnson contended that conditions at the jail made it likely that he would become infected with COVID-19, and that his medical conditions made him especially susceptible to a severe case of infection. Johnson sought immediate release from custody. (Doc. # 1).

At the direction of the Court, *see* (Doc. # 5), Johnson re-filed his petition on a court-approved form. In his new petition, Johnson stated that other inmates in the jail were infected with COVID-19; he did not have cleaning supplies in his cell; social distancing was not possible in his 12-person cell, and jail staff were not consistently wearing masks. Johnson stated that he has high blood pressure and asthma, which placed him at a higher risk of serious illness should he become infected with COVID-19. (Doc. # 6 at 4-5). Johnson stated that jail staff have told him that he could not file a grievance about COVID-19 mitigation efforts at the jail. (*Id.* at 7). Asserting violations of the Fourteenth Amendment, Johnson sought release from custody. (*Id.* at 8).

1

As ordered by the Court, FCDC Director Lisa Farmer filed her response to the petition. (Doc. # 12). Although the Court invited Johnson to file a reply, *see* (Doc. # 11 at 2), he did not do so. This matter is thus ripe for decision. The Court has reviewed the petition and the materials submitted by the parties, and will deny relief because Johnson has failed to establish a substantive violation of his constitutional rights, and because his subsequent release from custody has rendered the petition moot.[1]

In his petition, Johnson indicated that he was incarcerated in relation to three different criminal cases pending in the Circuit Court of Fayette County, Kentucky. These cases collectively involved convictions for burglary, possession of drug paraphernalia, drug possession, identity theft, possession of a firearm by a convicted felon, and being a persistent felony offender. In each of these cases, starting in 2018 Johnson received either a suspended sentence or shock probation. However, during each period of probation Johnson committed new criminal conduct resulting in revocation of his probation. Johnson was incarcerated when he filed his petition.

On May 5, 2021 – shortly after briefing in this matter was completed – Johnson was released from custody and entered the Hope Center Recovery Program. Johnson violated the terms of his probation shortly thereafter and was returned to FCDC. It appears that Johnson was returned to probation, but again he violated the terms of his probation in March 2022 and was returned to custody. Johnson was again released from

---

[1] Farmer also contends that Johnson did not exhaust remedies available in the state courts of Kentucky. (Doc. # 12 at 1-2). Because the Court concludes that two independent and sufficient grounds warrant dismissal of the petition, it need not reach a conclusion on a third.

2

custody on April 1, 2022 and was transported to the Stepworks Recovery Program, where it appears he remains as of this writing.[2]

As a threshold matter, a prisoner challenging the conditions of his confinement must ordinarily file suit under the civil rights laws; he may not seek relief by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973); *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004). However, where the prisoner alleges that there is no set of circumstances under which his continued confinement can satisfy constitutional minimums, leaving release from incarceration as the only viable remedy, he may seek habeas corpus relief. *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020). While Johnson's petition does not expressly include such a contention, the Court liberally interprets the petition to do so.

Because Johnson stood convicted of the offenses which occasioned his incarceration, his claims regarding the conditions of his confinement are governed by the Eighth Amendment. The Eighth Amendment is violated if a prison official displays "deliberate indifference" to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment claim, the prisoner must demonstrate both an objective prong (that he is confined "under conditions posing a substantial risk of serious harm") and a subjective prong (that a prison official acted with "reckless disregard" of a known excessive risk to inmate health or safety). *Helling v. McKinney*, 509 U.S. 25, 35-37 (1993); *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016).

---

[2] *See Commonwealth v. Johnson*, No. 17-CR-00105 (Fayette Cir. Ct. 2017); *Commonwealth v. Johnson*, No. 18-CR-00139-001 (Fayette Cir. Ct. 2018); *Commonwealth v. Johnson*, No. 18-CR-00378 (Fayette Cir. Ct. 2020). The dockets for these cases can be viewed on the Kentucky Court of Justice's online CourtNet portal. See https://kcoj.kycourts.net/CourtNet/Search/Index (visited May 11, 2022). *See also* (Doc. # 12-1 at 10).

3

The Sixth Circuit has indicated that a prisoner may satisfy the objective prong where a combination of the conditions of confinement at the jail and the petitioner's unique medical conditions make him especially vulnerable to serious medical consequences upon infection with COVID-19. *See Wilson*, 961 F. 3d at 840. Here, Johnson claimed that he had high blood pressure and asthma, two known comorbidities for the coronavirus. *See* (Doc. # 6 at 4). Johnson did not file any medical documentation or sick call requests into the record to substantiate that assertion. However, the Respondent has not contradicted Johnson's assertion or offered any evidence to rebut it. For purposes of discussion, the Court assumes that Johnson has satisfied the objective prong of an Eighth Amendment claim.

The subjective prong requires Johnson to establish that FCDC staff acted with reckless disregard for his safety. Director Farmer contends that FCDC was aware of the risks posed by COVID-19 and undertook considerable efforts to protect inmates and staff alike. Specifically, in an affidavit attached to her response Farmer states that all new arrestees have their temperatures checked and must complete a screening questionnaire before they are allowed to enter FCDC. Upon admission, new arrestees are automatically quarantined with other new arrivals for fourteen days, and are given two masks to wear whenever they move about the facility. Further, officers at the intake area wear masks and a special cleaning team constantly cleans the booking area. A special cleaning team also constantly cleans the entire facility in rotating shifts throughout the day and night. Farmer further states that visitation and contact sports have been suspended. FCDC staff are given a temperature check and must complete a COVID-19 questionnaire each time they enter the facility. Further, FCDC administrators periodically submit a list of

4

inmates to the county judges presiding over their criminal cases so that inmates may be considered for early release.  FCDC's medical team also reviews all inmates considered to be at heightened risk for serious infection, and submits the name of any such inmate to the presiding county judge for review.  *See* (Doc. # 12-2 at 1-2).  Mike Byrne, the Assistant Director, Division of Community Corrections, states that inmates who test positive for COVID-19 are separated and placed in a group of 8-12 inmates who are also infected.  All such inmates are given masks and soap to clean their areas.  Further, FCDC officers conduct an ongoing cleaning of the entire facility with an anti-viral fog, and all surface areas are wiped down with bleach.  *See* (Doc. # 12-3 at 1).  Johnson filed no reply in this matter to controvert the Respondent's assertions, and the Court finds no basis to disbelieve them.  *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

To determine whether Johnson has satisfied the subjective prong, the question is not whether these measures were entirely effective at stopping the spread of the coronavirus, it is whether they were so manifestly insufficient as to evidence deliberate indifference by jail officials.  *See Farmer*, 511 U.S. at 844 (holding that the Eighth Amendment is not violated where prison officials "responded reasonably to the risk, even if the harm ultimately was not averted.").  Respondent Farmer correctly notes that the efforts by FCDC are comparable to the Federal Bureau of Prisons' screening, cleaning, and quarantining efforts found adequate by the Sixth CIrcuit in *Wilson*.  *See Wilson*, 961 F.3d at 843-44 ("The BOP, in contrast, has taken many affirmative actions to not only

5

treat and quarantine the inmates at Elkton who have tested positive, but also to prevent widespread transmission of COVID-19 . . . The BOP's steps to prevent and mitigate COVID-19 spread at Elkton are likely reasonable responses to this serious risk."). And this Court has previously found FCDC's efforts during this period to be sufficient to satisfy Eighth Amendment concerns. *See Mobley v. Farmer*, No. 20-489-WOB (E.D. Ky. Jan. 7, 2021) (Doc. # 22 therein). On the record before it, the Court concludes that Johnson has failed to establish that FCDC officials acted with deliberate indifference to his health or safety. Without a predicate Eighth Amendment violation, Johnson's petition for a writ of habeas corpus is **denied**.

Even if this were not so, Johnson's petition has been rendered moot by his release from FCDC. As noted above, Johnson was released from FCDC after briefing in this matter concluded. He was later reincarcerated, but has again been released for outside drug therapy and rehabilitation. Johnson's release from FCDC renders moot his petition challenging conditions at the jail. *Demis v. Sniezek*, 558 F.3d 508, 512-13 (6th Cir. 2009) ("If events occur during the pendency of a litigation which render the court unable to grant the requested relief, the case becomes moot and thus falls outside our jurisdiction.") (cleaned up); *Nowell v. Dir. of F.B.I.*, No. 13-CV-150-KSF, 2013 WL 6174917, at *1 (E.D. Ky. Nov. 21, 2013) ("[Petitioner's] subsequent release renders moot his § 2241 petition seeking release to home confinement for the last six months of his sentence."). *See also Mobley v. Farmer*, No. 21-5066 (6th Cir. May 27, 2021) (holding petitioner's release from FCDC during pendency of appeal rendered moot his § 2241 petition challenging conditions of confinement related to COVID-19).

Accordingly, the Court **ORDERS** as follows:

(1)   Joshua Johnson's petition (Doc. # 6) is **DENIED**;

(2)   The Court will enter an appropriate judgment; and

(3)   This matter is **STRICKEN** from the docket.

This 11th day of May, 2022.



M:\DATA\ORDERS\PSO Orders\5-20-446 Memorandum.docx